IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00636-PAB

DOUGLAS C. LARUE,

      Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

      Defendant.

---

**ORDER**

---

      This matter comes before the Court on plaintiff Douglas C. LaRue's motion for attorney's fees [Docket No. 25] brought pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), which defendant Carolyn W. Colvin (the "Commissioner") opposes [Docket No. 28].  The Commissioner believes she was "substantially justified" in litigating this appeal.  *Cf. Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008) ("EAJA fees are assessed against the United States when its actions were not 'substantially justified.'") (citing 28 U.S.C. § 2412(d)(1)(A) (2006)).

      "[A] claimant may seek to defray the cost of appealing from an agency decision to a court under the . . . [EAJA] fee shifting statute."  *Wrenn*, 525 F.3d at 934.  Under the EAJA, "'a court shall award to a prevailing party other than the United States fees and other expenses . . .  incurred by that party in any civil action . . ., brought by or against the United States . . ., unless the court finds that the position of the United

States was substantially justified." *Manning v. Astrue*, 510 F.3d 1246, 1249 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A) (2006) (omissions in original) (emphasis omitted)). "Substantially justified" means "justified to a degree that could satisfy a reasonable person" or, stated otherwise, that the government had a "reasonable basis both in law and fact" for its position. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Under the EAJA, the government bears the burden of showing that its position was substantially justified." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).[1]

Here, the Court reversed and remanded the Commissioner's decision that plaintiff was not disabled on two independently sufficient bases: (1) the Court was unable to determine from the ALJ's decision whether she applied the correct legal standard in weighing the opinion of State agency reviewing physician Ian Happer and (2) the ALJ's residual functional capacity ("RFC") determination did not account for the ALJ's finding that plaintiff's depression constitutes a severe impairment. *LaRue v. Colvin*, No. 12-cv-00636-PAB, 2013 WL 5637712, at *5-6 (D. Colo. Oct. 15, 2013).

With respect to Dr. Happer's opinion, the ALJ stated only:

> This opinion is given great weight, as it is consistent with and well supported by the evidence as a whole, which indicates that the claimant's condition has not progressed to the extent that it prevents him from all ambulation or exertional activity, and that he has been routinely noted to exhibit normal gait, coordination, and motor function.

R. at 23.  In light of the fact that Dr. Happer was not a treating or examining physician,

---

[1]The Court is to consider both the government's position in the underlying agency action and its position during any subsequent litigation.  *Hadden*, 851 F.2d at 1267; *see* 28 U.S.C. § 2412(d)(2)(D) (stating that "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based").

and that he did not take into account the opinion of plaintiff's treating physician, the Court found that the ALJ's analysis was "insufficient to permit the Court to conclude that she considered all relevant factors in deciding to accord his opinion great weight." *LaRue*, 2013 WL 5637712, at *5.

With respect to the second basis for remand, the ALJ stated that he was giving plaintiff "the benefit of the doubt regarding his pain, fatigue, and depression" by concluding that plaintiff "would be best suited to the performance of no more than simple, unskilled work activities." R. at 23. The Court found that, absent evidence that "plaintiff has a sufficient attention span . . . to perform simple, unskilled tasks," it was "impermissible to translate plaintiff's emotional and cognitive impairments into a functional limitation based on skill." *LaRue*, 2013 WL 5637712, at *7.

"Unless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight give to the opinions of a State agency medical . . . consultant." 20 C.F.R. § 416.927(e)(2)(ii). Given the weaker ties between claimants and non-treating physicians, the opinions of such physicians "are weighed by stricter standards, based to a greater degree on medical evidence, qualifications, and explanations for the opinions, than are required of treating sources." SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996). "[B]ecause nonexamining sources have no examining or treating relationship with [claimants], the weight [an ALJ] will give their opinions will depend on the degree to which they provide supporting explanations for their opinions" and "the degree to which these opinions consider all of the pertinent evidence in [a] claim, including opinions of treating and other examining sources." 20 C.F.R. § 404.1527(c)(3).

3

Omitting a sufficiently thorough explanation for the weight accorded to the opinion of a medical source may be grounds for remand. *See Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987) (remanding denial of benefits because ALJ improperly rejected the treating physician's opinion and relied instead on the findings of a non-treating physician, which the court found to be "of suspect reliability"); *Andersen v. Astrue*, 319 F. App'x 712, 728 (10th Cir. 2009) (remanding denial of benefits where ALJ failed to indicate weight accorded to treating physicians' opinions and failed to supply "good reasons" for according them that weight). Although it is not necessary for an ALJ to "explicitly discuss all the [20 C.F.R. § 404.1527(c)] factors for each of the medical opinions" in the record, an ALJ's decision must nonetheless be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the [relevant medical opinions] and the reasons for that weight." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (citation omitted). It is "improper" for a district court to supply a "post hoc rationale" for an ALJ's decision because doing so "usurps the agency's function of weighing and balancing the evidence in the first instance." *Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008).

In reference to the first ground for remand, the Commissioner stated that the "ALJ considered Dr. Harper's [sic] opinion, as she was required to do so, and gave good reasons for the weight she assigned the opinion." Docket No. 16 at 11. The Commissioner now argues that the ALJ's decision implies that Dr. Happer's opinion was entitled to greater weight because it did not suffer from the flaws the ALJ identified in the opinion of treating physician Randall Bjork. Docket No. 28 at 2-3 ("Although the

4

ALJ did not then go on to explicitly compare Dr. Bjork's opinion to Dr. Happer's, the ALJ did say that Dr. Happer's opinion was 'consistent with and well supported by the evidence as a whole' (Tr. 23). This statement was in clear contrast to the contradictions and lack of support the ALJ observed with regard to Dr. Bjork's opinion. Therefore, it was fair for the agency to argue that the necessary comparison was implicit.").

Dr. Happer issued his opinion on August 13, 2008. R. at 242. As a result, Dr. Happer's review of plaintiff's file did not take into account Dr. Bjork's treatment notes from August 2008 through March 2010, which included Dr. Bjork's opinion regarding plaintiff's functional limitations. *See* R. at 241 (indicating that the record before Dr. Happer did not contain an opinion from a treating or examining medical source); R. at 247-52 (Multiple Sclerosis Residual Functional Capacity Questionnaire completed by Dr. Bjork on August 25, 2008).

Since Dr. Happer is a reviewing physician, the ALJ was required to take into account the degree to which Dr. Happer's opinion "consider[ed] all of the pertinent evidence" in plaintiff's claim, including "opinions of treating and other examining sources." 20 C.F.R. § 404.1527(c)(3). The Court cannot discern from the decision whether the ALJ considered this factor or any of the other factors listed in the regulation apart from the consistency of Dr. Happer's opinion with the record as a whole. *See* R. at 23. Nor does the ALJ's decision demonstrate that she examined Dr. Happer's report to see if it outweighed Dr. Bjork's report and not the other way around. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) ("[w]hen a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other

5

physicians' reports to see if they outweigh the treating physician's report, not the other way around") (citation omitted).  Although the ALJ was not required to discuss each factor in detail, she was required to assess the relevant medical opinions with sufficient specificity to permit the Court to determine the reasons for the weight she accorded each opinion.  *See Oldham*, 509 F.3d at 1258.  This she did not do.  The Commissioner's argument that the Court should have inferred the ALJ's reasoning regarding Dr. Happer's opinion from the ALJ's discussion of Dr. Bjork's opinion lacks a reasonable basis in law.  *See Carpenter*, 537 F.3d at 1267.  As the ALJ's assessment of Dr. Happer's opinion was independently sufficient to justify remand, the Court need not consider whether the Commissioner's other arguments were substantially justified.

Plaintiff requests an award of $7,031.80 in attorney's fees accrued through the litigation of the instant motion, constituting 38.4 hours of work at a rate of $183.12 per hour.  Docket No. 25 at 6-7; Docket No. 29 at 6-7.  The Commissioner does not dispute the amount requested.  *See* Docket No. 28.

To determine a reasonable fee request, a court must begin by calculating the "lodestar amount."  *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).  The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The Court finds that the hours claimed are reasonable.  In addition, the Court notes that Mr. Seckar and Ms. Lundy undertook a substantial risk of loss in connection with the case, devoted considerable time and effort in presenting plaintiff's position, and obtained a favorable result for plaintiff.

In light of the hours worked and the fact that the Commissioner does not dispute

the amount of fees requested, the Court concludes that an attorney's fee of $7,031.80 is reasonable.  Accordingly, it is

ORDERED that the Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Docket No. 25] is GRANTED.  It is further

ORDERED that plaintiff Douglas C. LaRue is awarded $7,031.80 in attorney's fees.

DATED August 29, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge